IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DANIEL BENNETT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-702-SDJ-KPJ |
| § | |
| KILOLO KIJAKAZI, § | |
| *Acting Commissioner of Social Security*, § | |
| § | |
| Defendant. § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Daniel Bennett ("Mr. Bennett") brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his claims for disability insurance benefits. Having considered the briefs submitted by the parties and the administrative record, the Court recommends the Commissioner's final decision be **REVERSED** and **REMANDED**.

I. APPLICABLE LAW

A. **Sequential Evaluation Process**

To qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140

1

(1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) the impairment(s) either meet or equal one of the Listings[1] of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i)–(iv); *see also Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If the claimant cannot show his impairment meets or equals a Listing but proves that he is unable to perform his "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *See Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016) ("The burden of proof is on the claimant for the first four steps but shifts to the agency at step five; a finding at any step that a claimant is or is not disabled ends the analysis.").

**B.   Standard of Review**

The standard of review in a social security appeal is whether the Commissioner's final decision[2] is "'supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence.'" *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (per curiam) (quoting *Villa*, 895 F.2d at 1021). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

[2] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, as it is in this case. *See* 20 C.F.R. § 416.1481.

"Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence "must be more than a scintilla, but it need not be a preponderance." *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992) (citing *Perales*, 402 U.S. at 401). Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Bailey v. Saul*, 853 F. App'x 934, 935 (5th Cir. 2021) (per curiam) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (per curiam)). The Court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling*, 36 F.3d at 434 (quoting *Harrell*, 862 F.2d at 475). Rather, evidentiary conflicts are for the Commissioner to decide, and "if a decision is supported by substantial evidence, it must be affirmed even if there is contrary evidence." *Bailey*, 853 F. App'x at 935 (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990) (per curiam)). However, the Court must do more than "rubber stamp" the decision; the Court must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner's] findings." *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985) (internal quotations omitted).

## II.     BACKGROUND AND PROCEDURAL HISTORY

Mr. Bennett was born in 1973, has at least a high school education and has past relevant work as a chief computer programmer and user support analyst. *See* Tr. 43.[3] On November 7, 2019, Mr. Bennett protectively filed for disability insurance benefits. *See id.* at 212. Mr. Bennett alleged disability due to depression, anxiety, chest pain, physical limitations, and problems with back, hip, shoulder, and breathing. *See id.* at 127. Mr. Bennett alleged the date of onset of disability was March 29, 2019. *See id.* at 35, 212. The Social Security Administration ("SSA") denied Mr. Bennett's claims initially on April 3, 2020, and upon reconsideration on June 10, 2020. *See id.* at 127–31; 132–36. Thereafter, Mr. Bennett filed a written request for a hearing. *See id.* at 137–38. On March 9, 2021, Administrative Law Judge Deanna L. Sokolski (the "ALJ") held a hearing. *See id.* at 51–90. The hearing was attended by Mr. Bennett, his attorney, and a vocational expert (the "VE"). *See id.* at 51.

On March 31, 2021, the ALJ issued an unfavorable decision denying Mr. Bennett's claims. *See id.* at 32–45. In her decision, the ALJ found Mr. Bennett met the insured status requirements of the Social Security Act (the "Act") through March 31, 2025. *See id.* at 37. At step one, the ALJ found Mr. Bennett had not engaged in substantial gainful activity since March 29, 2019, his alleged onset date. *See id.* 38. At step two, the ALJ found Mr. Morris had the following severe impairments: "status post right shoulder arthroscopy; status post hip fracture; lumbar spine degenerative disc disease; obesity; depression; anxiety disorder; post-traumatic stress disorder." *Id.* The ALJ found Mr. Bennett had the following non-severe impairments: "hypertension, sleep apnea, diabetes, hyperlipidemia, and marijuana use." *Id*. At step three, the ALJ found none of Mr.

---

[3] Documents 8-1 through 8-16 comprise the Administrative Record ("Tr."). When citing to the record, the Court cites to the Tr.'s internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

Bennett's impairments, alone or in combination, met or medically equaled the severity of a Listing. *See id.* at 38–40. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Mr. Bennett's RFC. *See id.* at 40. The ALJ found Mr. Morris had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) except that he can never climb ladders, ropes, or scaffolds; and can only occasionally climb ramps and stairs. The claimant can only occasionally balance, stoop, kneel, crouch, and crawl. He must avoid all exposure to work place hazards such as unprotected heights and dangerous moving machinery. He can perform simple and routine tasks in an environment involving only simple work related decisions and occasional work place changes. He can only occasionally interact with supervisors, coworkers, and the public as part of his job duties.

*Id.* At step four, the ALJ found Mr. Bennett was unable to perform his past work as a chief computer programmer and user support analyst. *See id.* at 43. At step five, the ALJ found Mr. Bennett could perform the following jobs that exist in significant numbers in the national economy: office helper; mail sorter; and housekeeping cleaner. *See id.* at 43–44. Accordingly, the ALJ concluded Mr. Bennett was not disabled within the meaning of the Act. *See id.* at 44.

Mr. Bennett requested the Appeals Council review the ALJ's unfavorable decision. *See id.* at 210–11. On July 15, 2021, the Appeals Council denied the request for review. *See id.* at 1–5. Therefore, the ALJ's decision became the Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 42 U.S.C. § 405(g). On September 10, 2021, Mr. Bennett filed his appeal to this Court.[4] *See* Dkt. 1.

### III.  ANALYSIS

On appeal, Mr. Bennett raises two arguments. Mr. Bennett first argues that he could not perform the jobs the ALJ found he could perform because of the mental limitations identified by the ALJ in the RFC. *See* Dkt. 10 at 8–11. Mr. Bennett next argues the ALJ erroneously failed to

---

[4] A claimant has sixty days to file an appeal. The sixty days begins running five days after the decision is mailed. 20 C.F.R. § 404.981; *see also* Tr. 3.

include reaching limitations in the RFC. *See id.* at 11–15. The Court finds persuasive Mr. Bennett's argument regarding the ALJ's failure to include reaching limitations in the RFC. Because such error was not harmless, the Court finds that remand is warranted.[5]

### A. Right Shoulder Impairment

The ALJ assessed Mr. Bennett's "status post right shoulder arthroscopy" as a severe impairment but failed to include a reaching limitation in the RFC. Tr. 28. Mr. Bennett argues, given this assessment, the ALJ's failure to include in the RFC any reaching limitation related to this impairment was error. *See* Dkt. 10 at 11–12. The Commissioner responds that the ALJ's decision to not include any reaching limitation related to this impairment was supported by substantial evidence, as there was objective medical evidence in the record supporting the conclusion. *See* Dkt. 11 at 8–11.

On the one hand, courts have found that "the law is clear that a failure of the ALJ to include, in the RFC assessment, any limitation as a result of [an impairment] he found to be a severe impairment may require reversal." *Tyler v. Saul*, No. CV 18-3329, 2020 WL 3549684, at *7 (S.D. Tex. Mar. 2, 2020) (internal quotations omitted); *see also Spears v. Barnhart*, 284 F. Supp. 2d 477, 483 (S.D. Tex. 2002) ("The purpose of assessing the claimant's RFC is to determine the work that can be done despite present limitations. The ALJ, however, did not include any limitations—basically contradicting the fact that he found her impairments to be severe.") (citations omitted).

On the other hand, "several Texas federal courts have found that an ALJ does not err solely by finding an impairment severe at step two and failing to attribute any limitation to that impairment in his RFC assessment." *Walker v. Colvin*, No. 3:14-CV-1498, 2015 WL 5836263, at *15 (N.D. Tex. Sept. 30, 2015) (collecting cases and discussing the split in authority among Texas

---

[5] Because the Court finds remand is warranted on this basis, the Court does not reach Mr. Bennett's other argument.

federal courts on this issue). The Fifth Circuit has held "[t]he ALJ's finding that [the plaintiff] had 'a combination of impairments that is severe' did not foreclose a finding that [the plaintiff] had a residual functional capacity to perform a range of light work, and is not necessarily inconsistent with that finding." *Boyd*, 239 F.3d at 706 (quoting 20 C.F.R. § 404.1520a(c)(2)); *see also Gutierrez v. Barnhart*, No. 04–11025, 2005 WL 1994289, at *9 (5th Cir. Aug. 19, 2005) (per curiam) ("A claimant is not entitled to Social Security disability benefits merely upon a showing that (s)he has a severe disability. Rather, the disability must make it so the claimant cannot work to entitle the claimant to disability benefits."). A court in this District has adopted the latter approach, concluding that "a court may find that an impairment is severe; however, that does not necessarily mean that the impairment must result in limitations in the RFC." *Rivera v. Comm'r of Soc. Sec.*, No. 6:20-cv-00614, 2021 WL 7906837, at *1 (E.D. Tex. Nov. 22, 2021) (citing *Walker*, 2015 WL 5836263, at *15).[6] Likewise, the Court finds the ALJ did not err solely by finding Mr. Bennett's shoulder impairment severe at step two and failing to attribute a reaching limitation to that impairment in the RFC assessment.

In the RFC assessment, the ALJ made the following statements regarding Mr. Bennett's shoulder impairment:

> The claimant has a history of right shoulder surgery . . . Given the lack of evidence of major deficits in the claimant's ability to move his extremities, however, the undersigned finds that his hip and shoulder problems do not impede his ability to perform a range of light work consistent with the above residual functional capacity. (Exhibit 3F/13). This is also consistent with his activity level, such as statements indicating that he is able to perform some household chores. (Exhibit 5F).

---

[6] *Spears*, *supra*, found, "The ALJ, however, did not include any limitations—basically contradicting the fact that he found her impairments to be severe." *Spears*, 284 F. Supp. 2d at 483. However, *Spears* does not cite any authority for this proposition. As explained in *Boyd*, which predated *Spears*, the Fifth Circuit explained that a finding of severity at step two does not preclude a finding at step five that a claimant can still work, despite the severe impairment. *See Boyd*, 239 F.3d at 706.

7

Tr. 41.

On March 6, 2020, Mr. Bennett was evaluated by Mahmood Panjwani, M.D., P.A. *See id.* at 708–13, 717. This evaluation included a "Range of Motion" examination (the "ROM Examination"). *See id.* at 717. As to Mr. Bennett's right shoulder, the results were as follows:

| Type of Motion | Normal[7] ROM | Mr. Bennett's ROM |
| --- | --- | --- |
| Forward Elevation | 150º | 90º |
| Backward Elevation | 40º | 20º |
| Abduction | 150º | 90º |
| External Rotation | 90º | 80º |
| Internal Rotation | 40º | 20º |

*Id.*

In her decision, the ALJ did not acknowledge the ROM Examination, nor discuss any other evidence in support of her findings regarding reaching limitations. In response to Mr. Bennett's argument on this issue, the Commissioner contends evidence in the record supports the ALJ's conclusion that Mr. Bennett's shoulder impairment is not limiting:

> Consistent with the ALJ's statement, the record documented normal muscle strength in all extremities, no sensory deficits, and intact sensation. In addition, during [Mr. Bennett's] March 2020 consultative evaluation, while [Mr. Bennett] noted difficulty with use of his arms for forceful activities and lifting his arms above chest level, he admitted he could lift up to 30 pounds as compatible with light work. Moreover, [Mr. Bennett's] neurological examination of his upper extremities with normal. Right shoulder x-rays around the same time, found no fractures or dislocation with only mild prominence of the acromioclavicular joint. As well, [Mr. Bennett] reported that he did household chores, played with his dogs, performed to help minor repairs, did mowing, and went out to shoot squirrels, which he would then clean and cut to provide food for his dogs. [Mr. Bennett's] light RFC is supported by his normal exams, mild x-ray findings, activities and statement he could lift up to 30 pounds. The prior administrative medical findings of the state

---

[7] Per the ROM Chart. *See id.* at 717.

> agency medical experts provide further support for the ALJ's RFC. Drs. Patty Rowley, M.D., and Kavitha Reedy, M.D., both opined that Mr. Bennett was capable of light work with occasional postural activities as compatible with the ALJ's RFC, without noting any limitation in [Mr. Bennett's] reaching ability. State agency physicians are highly qualified experts in disability evaluation, and an ALJ must consider their opinions, along with the other evidence of record, as the ALJ did in this case.

Dkt. 11 at 9–10 (citations omitted). However, none of this evidence was discussed, nor were any of these conclusions made, by the ALJ in her decision. At this stage, the Court cannot consider these reasons, now pressed by the Commissioner but not included in the ALJ's decision. *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council.") (citations omitted).

More fundamentally, the ALJ has the "duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (citations omitted). "If the ALJ does not satisfy [her] duty, [her] decision is not substantially justified." *Id.* (citation omitted). This duty to fully and fairly develop the record is critical where, as here, the ALJ assessed an impairment as severe at step two but then did not assign a limitation specifically for that impairment. *Compare Risinger v. Comm'r, Soc. Sec. Admin.*, No. 6:12cv885, 2014 WL 4829527, at *7–8 (E.D. Tex. Sept. 26, 2014) (finding the ALJ committed reversible error where the ALJ failed to thoroughly discuss and analyze the objective medical evidence related to the severe impairment) *with Rivera*, 2021 WL 7906837, at *1 (finding the ALJ did not commit reversible error where the ALJ extensively discussed why the severe impairments that he found were not as intense, persistent, or limiting as the plaintiff claimed, and the ALJ discussed and weighed all of the medical opinions and discussed why he gave some opinions more weight than others).

The ALJ's decision is largely devoid of any discussion of the record evidence relevant to Mr. Bennett's shoulder impairment, illustrated by the ALJ's lack of engagement with the ROM Examination and the evidence discussed in the Commissioner's Response. Whatever inferences were to be drawn from the evidence related to Mr. Bennett's shoulder impairment should have been made by the ALJ in her decision. While the ALJ was not required to assign a reaching limitation simply because of Mr. Bennett's shoulder impairment, it was incumbent upon the ALJ to engage with the record evidence and explain her reasoning for not assigning any reaching limitation. Accordingly, the ALJ erred by failing to "develop the facts fully and fairly" as to this severe impairment. *Ripley*, 67 F.3d at 557.

### B. Whether the Error Was Harmless

Error is reversible and requires remand only "when a reviewing court concludes that the error is not harmless." *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (per curiam). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) (citing *Frank*, 326 F.3d at 622; *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)). It is the claimant's burden to show that the error was not harmless. *See Keel v. Saul*, 986 F.3d 551, 557 (5th Cir. 2021) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (noting "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination")). "'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam)).

Mr. Bennett argues the ALJ's error prejudiced him because the jobs the ALJ found Mr. Bennett could perform all require reaching on a frequent basis. *See* Dkt. 10 at 11. The Court agrees.

The Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles[8] ("SCO") indicates that each of the jobs, or very similar jobs, the ALJ found Mr. Bennett could perform involve frequent reaching. *See* SCO 121 (housekeeper); 347 (sorter); 348 (office helper). Further, the ALJ did not include a reaching limitation in any of the hypotheticals posed to the VE; hence, the VE's identification of alternative jobs did not incorporate any reaching limitation. *See* Tr. 87–89.

Absent the ALJ's failure to develop the record regarding Mr. Bennett's right shoulder impairment, the ALJ may have found Mr. Bennett required a reaching limitation. Such limitation may have changed the ALJ's step five assessment. This error therefore impacted Mr. Bennett's substantial rights and was not harmless.

## IV.     RECOMMENDATION

For the foregoing reasons, the Court recommends the Commissioner's final decision be **REVERSED** and **REMANDED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions

---

[8] U.S. DEP'T OF LABOR, SELECTED CHARACTERISTICS OF OCCUPATIONS DEFINED IN THE REVISED DICTIONARY OF OCCUPATIONAL TITLES (1993). The Dictionary of Occupational Titles (the "DOT") and its companion, the SCO, comprise a comprehensive listing of job titles in the United States, along with detailed descriptions of requirements for each job, including assessments of exertional levels and reasoning abilities necessary for satisfactory performance of those jobs. "The Commissioner recognizes the *DOT/SCO* publications as authoritative, and routinely relies on them 'for information about the requirements of work in the national economy.'" *Gaspard v. Soc. Sec. Admin. Comm'r*, 609 F. Supp. 2d 607, 612–13 (E.D. Tex. 2009) (quoting SSR 00–4p, 2000 WL 1898704, at *2).

accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 1st day of March, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE